IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
ARIF ATIYEH,                      )
trading as WOW Outlet,            )
                                  )  Civil Action
            Plaintiff             )  No. 07-cv-04798
                                  )
        vs.                       )
                                  )
NATIONAL FIRE INSURANCE COMPANY   )
  OF HARTFORD;                    )
and CNA,                          )
                                  )
            Defendants[1]         )
```

\* \* \*

APPEARANCES:

       JOHN P. KAROLY, III, ESQUIRE
           On behalf of Plaintiff

       MICHAEL F. HENRY, ESQUIRE and
       CHARLES J. JESUIT, ESQUIRE
           On behalf of Defendants

\* \* \*

O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

       This matter is before the court on National Fire Insurance Company of Hartford's Motion for Judgment on the Pleadings Pursuant to Federal Rules of Civil Procedure 12(c),

---

[1] Both the defendants' answer and the within motion aver that the caption of this case improperly designates "CNA" as a defendant. Defendants indicate that CNA is a non-legal entity trade name. The parties have not moved or stipulated to amend the caption. Accordingly, throughout the remainder of this Memorandum, I shall refer to defendants collectively as National Fire and as "defendant" in the singular.

which motion was filed November 5, 2009.[2]  For the following reasons, I grant National Fire Insurance Company of Hartford's Motion for Judgment on the Pleadings Pursuant to Federal Rules of Civil Procedure 12(c).  Specifically, I grant National Fire Insurance Company of Hartford's ("National Fire") motion for judgment on the pleadings regarding plaintiff's bad faith claim because I conclude that plaintiff's Amended Complaint does not plead sufficient facts to establish the claim, and I dismiss the Amended Complaint.

## JURISDICTION

Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.  Plaintiff Arif Atiyeh, trading as WOW Outlet, is a Pennsylvania citizen.  Defendant National Fire is an Illinois corporation with its principal place of business in Chicago, Illinois.  The amount in controversy exceeds $75,000.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because the events giving rise to plaintiff's claims allegedly occurred in Allentown, Lehigh County, Pennsylvania, which is located within this judicial district.

---

[2]  Plaintiff's Answer to Defendants' Motion for Judgment on the Pleadings was filed November 25, 2009.  Defendant National Fire Insurance Company of Hartford's Reply to Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings was filed March 16, 2010.

PROCEDURAL HISTORY

Plaintiff Arif Atiyeh and former co-plaintiff George Atiyeh initiated this action on September 4, 2007 by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Lehigh County, Pennsylvania. Plaintiffs subsequently filed a two-count Complaint against National Fire on October 18, 2007 alleging breach of contract and bad faith, and seeking damages in excess of $700,000.

On November 13, 2007, defendant National Fire removed the case to federal court by filing a Notice of Removal of Action Under 28 U.S.C. § 1441.

On November 21, 2007, National Fire filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion set forth three main contentions: (1) plaintiff Arif Atiyeh breached the suit-limitation clause of the insurance policy; (2) plaintiff Arif Atiyeh had no individual cause of action under the Unfair Insurance Practices Act and did not sufficiently state a claim for bad faith pursuant to 41 Pa.C.S.A. § 8371; and (3) plaintiff George Atiyeh did not have standing to bring suit because he was not a "named insured" on the insurance policy. Plaintiffs responded to National Fire's motion to dismiss on January 25, 2008.

By Order dated September 30, 2008, I granted National Fire's motion, dismissing the breach of contract claim,

dismissing the bad faith claim without prejudice for plaintiff Arif Atiyeh to file an amended complaint on or before October 31, 2008, and dismissing plaintiff George Atiyeh as a party to this action for lack of standing.

On October 31, 2008, plaintiff Arif Atiyeh filed a one-count Amended Complaint alleging a bad faith claim. Specifically, plaintiff[3] alleges that he obtained a commercial insurance policy from National Fire insuring his real estate business. Plaintiff avers that he paid all premiums under the policy, performed all provisions of the policy, and suffered a covered loss within the meaning of the contract. Plaintiff sues defendant for acting in bad faith in the handling of plaintiff's insurance claim and seeks damages in excess of $700,000.

On November 20, 2008, National Fire filed an Answer to plaintiff's Amended Complaint, with affirmative defenses and two counterclaims. Plaintiff filed a reply to defendant's counterclaims on March 25, 2009.[4]

On November 5, 2009, National Fire filed this motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. In its motion, defendant

---

[3] Hereafter, all references to "plaintiff" refer to Arif Atiyeh, the sole remaining plaintiff in this action.

[4] The counterclaims, which are not at issue for purposes of this motion, allege a violation of the Pennsylvania Insurance Fraud Statute, 18 Pa.C.S.A. § 4117, and seek reimbursement of defendant's advance payment under the insurance policy.

contends that the Amended Complaint does not sufficiently state a claim for bad faith pursuant to 41 Pa.C.S.A. § 8371.

On November 25, 2009, plaintiff filed an Answer to National Fire's motion for judgment on the pleadings. Plaintiff's response avers that the claim for bad faith satisfies the notice-pleading standard under the Federal Rules of Civil Procedure. On March 16, 2010, with leave of court, defendant filed a reply brief to plaintiff's response.

Hence this Opinion.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(c), judgment on the pleadings will be granted only if "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." Sikirica v. Nationwide Insurance Company, 416 F.3d 214, 220 (3d Cir. 2005) (citing Society Hill Civic Association v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980)). The court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Id.

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed.R.Civ.P. 12(c). The pleadings are closed after an answer is filed, along with a reply to any additional claims asserted in

the answer.  Austin Powder Company v. Knorr Contracting, Inc., 2009 WL 773695, at *1 (M.D.Pa. Mar. 20, 2009).

Ordinarily, in deciding a motion for judgment on the pleadings, the court considers the pleadings and attached exhibits[5], undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents[6], and matters of public record[7].

However, where, as here, a motion for judgment on the pleadings asserts that plaintiff fails to state a claim on which relief can be granted, the court considers the motion under the same standard as a Rule 12(b)(6) motion even where no motion to dismiss under Rule 12(b)(6) has been made.[8]  See, e.g., Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991); Doe v. McVey, 381 F.Supp.2d 443, 448 (E.D.Pa. 2005) (Pollak, S.J.); Katzenmoyer v. City of Reading, 158 F.Supp.2d 491, 496 (E.D.Pa. 2001)(Padova, J.).  Therefore, I consider defendant's motion under a Rule 12(b)(6) standard.

---

[5]  See Fed.R.Civ.P. 10(c).

[6]  CitiSteel USA, Inc. v. General Electric Company, 78 Fed.Appx. 832, 835 (3d Cir. 2003); Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

[7]  Chemi SpA v. GlaxoSmithKline, 356 F.Supp.2d 495, 496-497 (E.D.Pa. 2005) (Bartle, J.); see also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).

[8]  Federal Rule of Civil Procedure 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may be made by a motion for judgment on the pleadings.  Fed.R.Civ.P. 12(h)(2).

To determine the sufficiency of a complaint in these circumstances, the court looks only to the facts alleged in the complaint and the content of any documents to which the complaint makes reference. See, e.g., NIA Learning Center, Inc. v. Empire Fire and Marine Insurance Companies, 2009 WL 3245424, at *7 (E.D.Pa. Oct. 1, 2009)(Baylson, J.).

A claim may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is

plausible on its face.  <u>Twombly</u>, 550 U.S. at 570,
127 S.Ct. at 1974, 167 L.Ed.2d at 949.[9]

In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief.  <u>Fowler</u>, 578 F.3d at 210 (citing <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, <u>Fowler</u>, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits.  <u>Phillips</u>, 515 F.3d at 231.  Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements.  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotations omitted).

---

[9]  The Supreme Court's Opinion in <u>Ashcroft v. Iqbal</u>, __ U.S. __, __, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that the facial plausibility" pleading standard set forth in <u>Twombly</u> applies to all civil suits in the federal courts.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  This showing of facial plausibility then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and that plaintiff is entitled to relief.  <u>Fowler</u>, 578 F.3d at 210 (quoting <u>Iqbal</u>, __ U.S. at __, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion. First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted. Fowler, 578 F.3d at 210. Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded. Id. at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 211 (quoting Iqbal, __ U.S. at __, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible." Iqbal, __ U.S. at __, 129 S.Ct. at 1949-1950, 178 L.Ed.2d at 884-885.

A well-pled complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941.

FACTS

Based upon the well-pled averments in plaintiff's Amended Complaint, which I must accept as true under the foregoing standard of review, the pertinent facts are as follows. At the time of the acts giving rise to these claims, plaintiff Arif Atiyeh was the owner of WOW Outlet, a sole proprietorship real estate business at 727 Meadow Street, Allentown, Pennsylvania.

In October 2003, plaintiff purchased a commercial insurance policy from defendant National Fire covering his real estate business.[10] Plaintiff has paid all premiums under the insurance policy and "performed all things required of him under the insurance contract,"[11] including maintaining the premises during the relevant time period.[12]

On February 16, 2004, the pipes in plaintiff's building froze, which caused water damage to the building and to

---

[10] Under Pennsylvania's choice-of-law principles, a claim arising under an insurance policy is governed by the law of the state in which the policy was delivered. CAT Internet Services, Inc. v. Providence Washington Insurance Company, 333 F.3d 138, 141 (3d Cir. 2003). The parties do not dispute that Pennsylvania law applies to this case.

[11] Amended Complaint, ¶ 15. I consider plaintiff's averment that he "performed all things required of him under the contract" to be a factual averment that plaintiff performed unspecified things. However, I disregard it to the extent it states a legal conclusion that all things required by the contract were performed. See Fowler, 578 F.3d at 210.

[12] Similarly, plaintiff avers that he maintained the property "properly" under the policy. Amended Complaint, ¶ 13. I consider that characterization to be a legal conclusion that the policy's maintenance requirements were satisfied, and disregard it as such. See Fowler, 578 F.3d at 210.

plaintiff's personal property.  Additionally, Arif Atiyeh suffered a loss from the interruption of his business. Immediately after becoming aware of the damage, plaintiff notified defendant of his claim.

After receipt of plaintiff's claim, defendant initiated an investigation and inspection of plaintiff's real estate and personal property.  On March 28, 2007, defendant denied coverage to plaintiff for his loss.

CONTENTIONS OF THE PARTIES

Defendant's Contentions

National Fire contends that plaintiff's allegations are conclusory statements which do not establish a plausible cause of action under the notice-pleading standard of the Federal Rules of Civil Procedure.  Defendant argues that plaintiff does not present any facts supporting his conclusory statements from which I may draw inferences to find defendant liable for bad faith pursuant to 41 Pa.C.S.A. § 8371.

Finally, National Fire contends that plaintiff's assertions are inaccurate and incomplete.  Specifically, defendant argues that its denial of insurance coverage for plaintiff's claim was based on multiple grounds which plaintiff fails to address in his Amended Complaint.

Plaintiff's Contentions

Plaintiff contends that his Amended Complaint states a viable bad faith claim under federal notice-pleading requirements. Specifically, plaintiff alleges that he set forth the factual context of his claim by stating the basic facts of the insurance policy, the loss suffered, the denial of plaintiff's claims, and that defendant falsely and fraudulently represented that plaintiff had not performed routine maintenance on the premises when defendant knew or should have known that the premises were properly maintained. In addition, plaintiff alleges that defendant unreasonably refused to indemnify plaintiff for his loss.

DISCUSSION

Plaintiff's Amended Complaint alleges that defendant's actions in handling his insurance claims pursuant to the insurance contract constitute bad faith pursuant to 42 Pa.C.S.A. § 8371.[13]

The Pennsylvania Legislature promulgated 42 Pa.C.S.A. § 8371 to create a cause of action in Pennsylvania insurance law

---

[13] Plaintiff does not specifically cite the statute upon which his bad faith claim is based in his Amended Complaint. However, plaintiff's Amended Complaint was filed in response to my September 30, 2008 Order granting plaintiff permission to file an amended complaint more specifically pleading the bad faith claim under 42 Pa.C.S.A. § 8371. Therefore, I will proceed under the presumption that plaintiff brings his claim under this statutory provision.

for "bad faith."[14] March v. Paradise Mutual Insurance Company, 435 Pa.Super. 597, 600, 646 A.2d 1254, 1256 (1994).

Section 8371 provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of the interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S.A. § 8371.

To establish a claim of bad faith, a plaintiff must demonstrate that the insurer (1) lacked a reasonable basis for denying benefits and (2) knew or recklessly disregarded its lack of a reasonable basis. Toy v. Metropolitan Life Insurance

---

[14] The statute does not define bad faith, but has acquired a universally accepted meaning in the insurance context:

> *Insurance*. "Bad Faith" on the part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Terletsky v. Prudential Property and Casualty Insurance Company, 437 Pa.Super. 108, 125, 649 A.2d 680, 688 (1994), citing Black's Law Dictionary 139 (6th ed. 1990)(citations omitted) and citing Rottmund v. Continental Assurance Company, 813 F.Supp. 1104, 1108-1109 (E.D.Pa. 1992) (internal citations omitted).

Company, 593 Pa. 20, 31, 928 A.2d 186, 193 (2007); Terletsky, 437 Pa.Super. at 125, 649 A.2d at 688.

Moreover, an insurer's conduct need not be fraudulent, but mere negligence or bad judgment will not suffice. Brown v. Progressive Insurance Company, 860 A.2d 493, 501 (Pa.Super. 2004). To support a finding of bad faith, "the plaintiff must show that the insurer breached its duty of good faith through some motive of self-interest or ill will." Id.

Citing Twombly and Iqbal, National Fire contends that plaintiff has insufficiently pled his bad faith claim because plaintiff's conclusory allegations do not establish a plausible cause of action under the notice-pleading standard of the Federal Rules of Civil Procedure. Defendant further asserts that plaintiff's allegations are non-factual assertions that do not warrant an assumption of truth.

Under Pennsylvania's fact-pleading standard, "the pleader must define the issues; every act or performance essential to that end must be set forth in the complaint." Santiago v. Pennsylvania National Mutual Casualty Insurance Company, 418 Pa.Super. 178, 185, 613 A.2d 1235, 1238 (1992).

However, in federal court, state pleading requirements do not apply. See Stroud v. Abington Memorial Hospital, 546 F.Supp.2d 238, 246 n.12 (E.D.Pa. 2008)(Strawbridge, J.) (distinguished on other grounds by Booker v. United States,

366 Fed.Appx. 425 (3d Cir. 2010)). Under the notice-pleading standard of the Federal Rules of Civil Procedure, a complaint is sufficient if it complies with Rule 8(a)(2).

However, after Iqbal,[15] "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler, 578 F.3d at 210 (citing Iqbal, ___ U.S. at ___, 129 S.Ct. at 1948, 173 L.Ed.2d at 883). Furthermore, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, __ U.S. at __, 129 S.Ct. at 1949, 173 L.Ed.2d at 884.

Considering plaintiff's Amended Complaint, accepting all well-pled facts as true, and separating the factual and legal elements of plaintiff's claim as instructed by Fowler, I conclude that plaintiff has alleged that he entered into an insurance contract with defendant, suffered a loss from water damage, paid all premiums under the contract, and maintained the premises.

---

[15]    Notwithstanding that plaintiff's Amended Complaint was filed on October 31, 2008, which was after Twombly but before Iqbal, the parties agree that the sufficiency of plaintiff's bad faith claim should be evaluated under the notice-pleading standard articulated in Twombly and extended to all civil complaints in Iqbal. (National Fire Insurance Company of Hartford's Motion for Judgment on the Pleadings at 4; Plaintiff's Answer to Defendants' Motion for Judgment on the Pleadings at 5.)

Furthermore, application of the two-part analysis described in Fowler is appropriate to evaluate the sufficiency of the plaintiff's bad faith claim. Although the United States Court of Appeals for the Third Circuit decided Fowler after the plaintiff filed his Amended Complaint, the Third Circuit's decision does not alter the notice-pleading standard set forth in Twombly and Iqbal. Rather, the two-part analysis presents district courts with a structured application of Iqbal to civil complaints. Even employing a pre-Fowler analysis, however, for the reasons articulated above, I would still conclude that the Amended Complaint does not plead sufficient facts to establish a bad faith claim.

Furthermore, plaintiff alleges that defendant denied plaintiff's claim after conducting an investigation. Accepting these facts as true, as I am required to do under the foregoing standard of review, I conclude that these allegations do not set forth sufficient facts to support a plausible claim of bad faith pursuant to 42 Pa.C.S.A. § 8371.

In his Amended Complaint, plaintiff further avers that defendant (1) falsely and fraudulently represented that plaintiff had not performed routine maintenance on the premises; (2) unreasonably refused to indemnify plaintiff for his loss; and (3) breached its duty of good faith and fair dealing by: (a) failing to conduct a reasonable investigation, (b) denying benefits to plaintiff without a reasonable basis, (c) knowingly or recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim, or (d) asserting policy defenses without a reasonable basis. However, these averments are merely conclusory legal statements and not factual averments. See Fowler, 578 F.3d at 210 (citing Iqbal, ___ U.S. at ___, 129 S.Ct. at 1948, 173 L.Ed.2d at 883).

In Robbins v. Metro Life Insurance Company of Connecticut, 2008 WL 5412087, at *7-8 (E.D.Pa. Dec. 29, 2008) (Baylson, J.), the plaintiff alleged that the defendant insurance company "fail[ed] to objectively and fairly evaluate Plaintiff's claims; assert[ed] defenses without reasonable basis in fact;

unnecessarily and unreasonably compell[ed] litigation; conduct[ed] an unreasonable investigation of Plaintiff's claims; and unreasonably withh[eld] policy benefits."  The district court granted the defendant's motion for judgment on the pleadings on the plaintiff's bad faith claim because the plaintiff failed to provide sufficient facts to support his allegations.

Similarly, in this case, plaintiff presents "bare-bones" conclusory allegations which do not state a plausible bad faith claim.  See Fowler, 578 F.3d at 210.  Plaintiff provides no factual support from which I can conclude that defendant's actions in investigating and evaluating plaintiff's claim were unreasonable.[16]

Furthermore, plaintiff avers no specific facts regarding the policy's maintenance requirements and how he allegedly satisfied them.  Therefore, I am unable to draw sufficient inferences in plaintiff's favor which would support a

---

[16] In further support of his contention that the Amended Complaint sets forth sufficient facts, plaintiff relies on my September 30, 2008 Opinion for the proposition that he was required only to allege that defendant's investigation was unreasonable, the denial of his claim was unreasonable, or that defendant lacked a sufficient basis for denying the claim.  However, as my September 30, 2008 Opinion made clear, and as set forth above, the court need not credit bald assertions or legal conclusions.  In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-1430 (3d Cir. 1997).  See Atiyeh v. National Fire Insurance Company of Hartford, 2008 U.S.Dist.LEXIS 76770 at *7 (E.D.Pa. Sept. 30, 2008)(Gardner, J.)

As noted above, plaintiff has not demonstrated, by pleading basic facts, the elements of a claim for bad faith.  Toy, 593 Pa. at 31, 928 A.2d at 193.  Instead, plaintiff has merely recited the elements of a bad faith claim and asserted conclusory legal statements.  This conclusion is consistent with the pleading standard set forth in my September 30, 2008 Opinion, as reenforced by Iqbal and Fowler.

conclusion that defendant is liable for bad faith.  Accordingly, I conclude that plaintiff's bad faith claim is insufficient to state a claim on which relief can be granted.

## CONCLUSION

For all the foregoing reasons, I grant National Fire Insurance Company of Hartford's Motion for Judgment on the Pleadings, dismiss plaintiff's Amended Complaint, and enter judgment in defendant's favor on plaintiff's bad faith claim.[17]

---

[17] I note that, as discussed above in footnote 4, this ruling does not bear on defendant's counterclaims.